IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KENNETH CONNORS, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. PX 19-1875 |
| J. PHILIP MORGAN, WARDEN<br>SGT. LAURA BLANKENSHIP,<br>LT. JANICE BROWN,<br>CORIZON HEALTH,[1] | *<br><br>*<br><br>* |
| Defendants. | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Kenneth Connors, a former state inmate, brings this civil action pursuant to 42 U.S.C. § 1983 against Defendants, Warden J. Philip Morgan, Correctional Officers Lieutenant Janice Brown and Sergeant Laura Blankenship (collectively, "Correctional Defendants"), and Corizon Health.[2] ECF No. 1. Connors claims that Defendants subjected him to cruel and unusual punishment by forcing him to sleep on a top bunk when he had a medical order for a bottom bunk. *Id.* He seeks $175,000,000 in damages. *Id.* at 3.

On October 10, 2019, Correctional Defendants moved to dismiss the action, or alternatively, for summary judgment to be granted in their favor. ECF No. 8. The Court advised Connors of the motion and his right to respond. ECF No. 9. Connors has filed nothing further with the Court. *See* Local Rule 105.6 (D. Md. 2016). For the following reasons, Correctional Defendants' motion shall be granted.

---

[1] The Clerk shall amend the docket to reflect the correct spelling of Defendants' names.

[2] Corizon Health was not served with the Complaint and so the claims are dismissed without prejudice as to Corizon Health.

**I.       Background**

The Complaint facts are taken as true and most favorably to Connors. ECF No. 1. For medically related reasons, Connors had been assigned a bottom bunk. *Id*. at 2. While Connors was at MCI-J, the Defendants did provide Connors a bottom bunk. *Id*. However, the Complaint does not include any information about when or under what conditions he was denied the bottom bunk. *Compare* ECF No. 1 *with* ECF No. 8-3, pp. 3-5 (Traffic History); ECF No. 8-5, ¶¶ 1,3 (Decl. Brown); ECF No. 8-6, ¶¶ 1,3 (Decl. Blankenship); ECF No. 8-7, ¶ 1 (Decl. Morgan).

Prison records reflect that Connors had been assigned a bottom bunk when he arrived at MCI-J on Jun 21, 2016, but that the then received a top bunk assignment in September 12, 2016.[3] ECF No. 8-3, at 5. *Id*. Connors was moved again on November 12, 2016 and received a bottom bunk, but then his assignment changed four days later. *Id*. Connors had a top bunk assignment until January 28, 2019 when he was moved again. *Id*., at 3. He maintained this bunk assignment until his transfer from MCI-J to Brockbridge Correctional Facility on April 11, 2019. *Id*.

Institutional policy provides that bottom bunk assignments are issued solely by medical staff. ECF No. 8-5, ¶ 4. When medical staff determines a bottom bunk assignment is warranted, the inmate is given a bottom bunk "slip" as proof of the assignment. *Id*. The inmate is solely responsible for informing his housing unit staff that he has been issued a medical order for bottom bunk. *Id*.

Defendant Brown has no independent recollection as to whether Connors claimed to have an order for bottom bunk status, but if he had a valid order, she would have complied with it. *Id*., ¶¶ 5-6. Blankenship recalls that Connors had an order for bottom bunk status, but the document

---

[3] The traffic history designates whether Connors was assigned to a top bunk or bottom bunk. *See* ECF No. 8-5, p. 2, ¶ 6 (Brown Decl.) (bottom bunk is designated as "B" and top bunk is designated as "A".)

he produced was old and from another institution, and so could not be implemented. ECF No. 8-6, ¶ 4. Blankenship advised Connors to obtain from medical staff at MCI-J a medical authorization for a bottom bunk. *Id*. Warden Morgan does not have personal involvement in the provision of medical care, including issuing bottom bunk orders, to any MCI-J inmate. ECF No. 8-7, ¶ 3. Connors' medical records demonstrate that he did not have an order for bottom bunk status while he was housed at MCI-J. ECF No. 8-8, at 6-8.

Connors filed seven Administrative Remedy Procedures (ARPs) raising medical claims (ECF No. 8-3, at 2) but none concerned his bunking status. ECF No. 8-3, at ¶ 3. Connors did not file any ARP complaint appeals with the Inmate Grievance Office (IGO) regarding an alleged denial of lower bunk cell assignment while he was housed at MCI-J. ECF No. 8-4, ¶¶ 2-3. Connors avers that he did not pursue administrative remedies because he was transitioning to a drug rehabilitation program. ECF No. 1 at 2.

## II.     **Standard of Review**

Correctional Defendants have moved to dismiss the claims under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment. Such motions implicate the Court's discretion under Rule 12(d). *See Kensington Vol. Fire Dep't., Inc. v. Montgomery Cty.*, 788 F.Supp.2d 431, 436-37 (D. Md. 2011), *aff'd*, 684 F.3d 462 (4th Cir. 2012). Rule 12(d) provides that when "matters outside the pleadings are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Court "has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it.'" *Wells-Bey v. Kopp*, No. ELH-12-2319, 2013 WL 1700927, at *5 (D. Md. Apr. 16, 2013) (quoting

5C Wright & Miller, *Federal Practice & Procedure* § 1366, at 159 (3d ed. 2004, 2012 Supp.)).

Connors was placed on notice that Correctional Defendants sought summary judgment from their initial pleadings and attached exhibits. *See Moret v. Harvey*, 381 F.Supp.2d 458, 464 (D. Md. 2005). Accordingly, the Court will treat this motion one as for summary judgment.

Pursuant to Federal Rule of Civil Procedure 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all reasonable inferences in her favor without weighing the evidence or assessing the witnesses' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). Importantly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original).

The Court maintains an "affirmative obligation . . . to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of his pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). A dispute of material fact is only "genuine" if sufficient evidence favoring the nonmoving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 249-50.

**III.   Analysis**

Correctional Defendants argue that dismissal is warranted under the Prison Litigation Reform Act because Connors failed to exhaust his administrative remedies. *See* 42 U.S.C. § 1997e. ECF No. 8-1.

The Prisoner Litigation Reform Act provides, in pertinent part:

(a) Applicability of administrative remedies

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e. Although exhaustion under § 1997e(a) is not a jurisdictional prerequisite, the plaintiff must nonetheless exhaust before this Court will hear the claim. *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007); *Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F. 2d 674, 682 (4th Cir. 2005). Because the Court may not consider an unexhausted claim, *See Bock*, 549 U.S. at 220, in this very real sense, exhaustion prior to federal suit is mandatory. *Ross v. Blake*, 578 U.S. ____, 136 S. Ct. 1850, 1857 (2016). Therefore, a court ordinarily may not excuse a failure to exhaust. *Ross*, 136 S. Ct. at 1856 (citing *Miller v. French*, 530 U.S. 327, 337 (2000) (explaining "[t]he mandatory 'shall'. . . normally creates an obligation impervious to judicial discretion")).

Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford v. Ngo*, 548 U.S. 81, 88, 93 (2006). Importantly, however, the court must ensure that "any defects in exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Moreover, an inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a); *see Ross*, 136 S. Ct. at 1855. An administrative remedy is not "available" where the prisoner, "through no fault of his

5

own, was prevented from availing himself of it." *Moore*, 517 F. 3d at 725 (citing *Aquilar-Avellaveda*, 478 F. 3d at 1225); *Kaba*, 458 F. 3d at 684.

An inmate housed at an institution operated by the Maryland Department of Public Safety and Correctional Services ("DPSCS") may avail himself of the administrative grievance process which is designed for "inmate complaint resolution." *See generally* Md. Code Ann. (2008 Repl. Vol.), Corr. Servs. ("C.S."), §§ 10-201 *et seq*.; Md. Code Regs. ("COMAR") 12.07.01.01B(1) (defining ARP). If an ARP is filed and denied, the prisoner may appeal the denial with 30 days to the Commissioner of Correction. If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days. C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. The prisoner must include in the grievance copies of the initial request or administrative remedy, the Warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); see COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

Correctional Defendants seek dismissal or alternatively summary judgment because Connors failed to exhaust his remedies. If from the face of the Complaint a prisoner's failure to exhaust is "apparent from the facts alleged," then dismissal is warranted. *Anderson*, 407 F. 3d at 682. Alternatively, where the Complaint does not clearly establish exhaustion, the court must examine material outside the pleadings and treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(b); *Gadsby by Gadsby v. Grasmick*, 109 F. 3d 940, 949 (4th Cir. 1997); *Paukstis v. Kenwood Golf & Country Club, Inc.,* 241 F. Supp. 2d 551, 556 (D. Md. 2003).

It is undisputed that Connors has not pursued his administrative remedies. Connors acknowledges as much, noting his failure to exhaust was because he transferred out of the Division of Corrections to a treatment facility. Connors' traffic history reflects that he was assigned to a top bunk from September 12, 2016 until November 12, 2016 and then again from November 16, 2016 to January 28, 2019 and was not transferred from MCI-J to a treatment facility until April 11, 2019. At no time did Connors ever seek administrative relief for this claimed mis-assignment. ECF No. 8-3, pp. 3, 5. And no evidence supports that the failure to file an ARP occurred through no fault of Connors. Accordingly, the evidence viewed most favorably to Connors demonstrates that summary judgment in Correctional Defendants' favor is appropriate.[4]

### IV.   Conclusion

Summary judgment is granted in favor of Correctional Defendants for failure to exhaust administrative remedies. Connors' complaint is dismissed without prejudice as to Corizon Health. A separate Order follows.

| 6/22/20 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |

---

[4] Because Defendants are granted relief on exhaustion grounds, the Court declines to reach their alternative arguments for granting summary judgment.

7